IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MIGUEL GARCIA § | |
| § | |
| V. § | ACTION NO. 4:12-CV-913-Y |
| § | |
| HILLARY RODHAM CLINTON, ET AL. § | |

ORDER DISMISSING PETITION

On December 18, 2012, Plaintiff filed a petition for declaratory judgment and writ of mandamus attacking the denial of his wife's permanent resident visa under 8 U.S.C. § 1182(a)(2)(C). Plaintiff states that he "has exhausted his administrative remedies" to review the final agency action. (Compl. 2.) Indeed, a "court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available." 8 U.S.C. § 1252(d) (West 2005). However, "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)." *Id.* § 1252(a)(2)(C); *see also id.* § 1252(g); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483-86 (1999) (interpreting jurisdiction under § 1252(g)). Therefore, the Court does not have subject-matter jurisdiction over Plaintiff's complaint that challenges his wife's removal status based on § 1182(a)(2) and the government's failure to properly adjudicate her application in accordance with federal law. Even if the Court had jurisdiction, this Court would be a court of improper venue. *See* 18 U.S.C. § 1252(b)(2). Therefore, the Court dismisses the petition for lack of jurisdiction.

SIGNED December 18, 2012.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/ah